Matter of Connell (2023 NY Slip Op 02267)

Matter of Connell

2023 NY Slip Op 02267

Decided on April 28, 2023

Appellate Division, Fourth Department

Per Curiam

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 28, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., LINDLEY, CURRAN, AND BANNISTER, JJ. (Filed Apr. 28, 2023.) 

&em;

[*1]MATTER OF KEVIN W. CONNELL, AN ATTORNEY, RESPONDENT. GRIEVANCE COMMITTEE OF THE SEVENTH JUDICIAL DISTRICT, PETITIONER.

OPINION AND ORDER
Order of censure entered.
Per Curiam
Opinion: Respondent was admitted to the practice of law by this Court on January 9, 2019, and his attorney registration information on file with the Office of Court Administration indicates that he maintains an office in Rochester. In February 2023, the Grievance Committee filed a petition asserting against respondent seven charges of professional misconduct, including engaging in conduct involving dishonesty or deceit, engaging in conduct that adversely reflects on his fitness as an attorney, and failing to cooperate in the grievance investigation. The parties thereafter filed a joint motion for discipline by consent wherein respondent conditionally admits that he has engaged in certain acts of professional misconduct and the parties request that the Court enter a final order imposing the sanction of public censure.
With respect to charge one, respondent conditionally admits that, in January 2020, the law firm that employed him as an associate assigned him to represent a client in a landlord-tenant matter. Respondent admits that, after the matter was resolved, he and the client engaged in a consensual sexual relationship that concluded in or about May 2021. Respondent admits that, in July 2021, he accessed the law firm's computerized records and intentionally deleted the law firm's electronic file pertaining to the client's landlord-tenant matter.
With respect to charge two, respondent conditionally admits that, in August 2020, the client confronted respondent at his residence and, during the confrontation, the client fell to the ground. Respondent admits that, in or around August 2021, he and the client filed family offense petitions against each other based on the confrontation that occurred in August 2020 and, although respondent requested that a partner of the law firm that employed respondent represent him in that matter, respondent did not advise the partner that the adverse party was a former client of the firm. Respondent admits that, after the partner discovered that the adverse party was a former client, the law firm conducted an investigation, which revealed that respondent had intentionally deleted the law firm's electronic file for the client's landlord-tenant matter. Respondent admits that, when the law firm confronted him with the results of its investigation, he refused to admit that he had deleted the electronic file, despite knowing that he had done so.
Charges three through six concern respondent's conduct during a grievance investigation that was conducted by the Grievance Committee after the former client and the law firm that employed respondent filed separate grievance complaints against respondent pertaining to the alleged misconduct set forth in charges one and two. Respondent conditionally admits that, on several occasions during the grievance investigation, he made to the Grievance Committee false or misleading written and oral statements concerning the nature of his relationship with the client and his deletion of the electronic file.
With respect to charge seven, respondent conditionally admits that, while he was engaged in the consensual sexual relationship with the client, he engaged in sexual activity with the client in a manner that raises "questions about his judgment concerning the appropriate location for such behavior." Respondent also admits that, during that time period, he sent to the client from his law office text messages with attached explicit pictures and video recordings.
We grant the joint motion of the parties, find respondent guilty of professional misconduct, and conclude that his admissions establish that he has violated the following provisions of the Rules of Professional Conduct (22 NYCRR 1200.0):
rule 8.4 (c)—engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation;
rule 8.4 (d)—engaging in conduct that is prejudicial to the administration of justice; and
rule 8.4 (h)—engaging in conduct that adversely reflects on his fitness as a lawyer.
In imposing the sanction requested by the parties in the joint motion, we have considered the nature of respondent's admitted misconduct and, in mitigation, that respondent has no [*2]disciplinary history. Accordingly, after consideration of all of the factors relevant to this matter, we conclude that respondent should be censured.